## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| TABITHA KALLIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:07-CV-406-JVB |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

After being denied disability insurance benefits by Defendant Michael J. Astrue, Commissioner of Social Security, Plaintiff Tabitha Kallio filed a complaint in this Court requesting that Defendant's unfavorable decision be reversed and remanded. On February 27, 2009, this Court issued an opinion and order affirming Defendant's decision in part and remanding in part to the administrative law judge.

On April 29, 2009, Plaintiff moved for an award of attorney's fees under the Equal Access to Justice Act (EAJA). Defendant opposes the motion on the basis that his position was substantially justified. Defendant also argues that even if this Court concludes that Plaintiff is entitled to attorney's fees, the amount Plaintiff requests is unreasonable and should be reduced. The Court will now address the motion.

**A. Factual and Procedural Background**

On September 22, 2004, Plaintiff filed an application for disability insurance benefits, alleging disability since November 1, 1997. Plaintiff's application was denied

on November 8, 2004, and also upon reconsideration on February 14, 2005. On February 25, 2005, Plaintiff requested a hearing, which was held on November 1, 2006. At the hearing, Plaintiff and her attorney, Thomas R. Nash, appeared before Administrative Law Judge Paul Armstrong ("the ALJ"). Medical expert Dr. Daniel Girzadas and Vocational Expert Michelle M. Peters ("the VE") also appeared and testified at the hearing. On December 14, 2006, the ALJ concluded that Plaintiff was not disabled under the Social Security Act and denied her benefits.

Plaintiff filed a timely request for review with the Social Security Administration Appeals Council. On September 28, 2007, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant.

On November 13, 2007, Plaintiff filed a complaint with this Court. On April 24, 2008, Plaintiff filed her opening brief, arguing that Defendant's decision be reversed and remanded. Defendant responded on August 8, 2008, and Plaintiff replied on August 22, 2008. On February 27, 2009, this Court issued an opinion and order affirming Defendant's decision in part and remanding in part to the ALJ.

The Court remanded Defendant's decision for three reasons. First, the ALJ failed to consider several medical impairments diagnosed by Dr. Mary Langley. Specifically, when determining Plaintiff's severe impairments, the ALJ ignored Dr. Langley's diagnosis of bipolar disorder II, chronic pain disorder, and somatization disorder. Second, as a consequence of his failure to consider these medical impairments, the ALJ failed to consider the functional limitations caused by the impairments and their effect on Plaintiff's residual functional capacity (RFC). Third, at the beginning of the VE's testimony, the ALJ asked the VE whether she would testify in accordance with the

Dictionary of Occupational Titles (DOT) and inform the court of any inconsistencies between her testimony and the DOT. Consequently, the ALJ failed to follow SSR 00-4p and resolve inconsistencies between the VE's testimony and the DOT.

On April 29, 2009, Plaintiff moved for an award of $8,149.25 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff later requested an additional $414 for time spent drafting a reply brief. Defendant opposes the motion on the basis that his position was substantially justified. Defendant also argues that even if the Court concludes that Plaintiff is entitled to attorney's fees, the amount Plaintiff requests is unreasonable and should be reduced.

**B. Discussion**

The decision to award attorney fees under the EAJA is within a district court's discretion. *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078 (7th Cir. 2000). The EAJA states that a district court shall award attorney's fees to a claimant where (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the claimant filed a complete fee application with the district court within thirty days of final judgment in the action. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)); 28 U.S.C. § 2412(d)(1)(B).

The only element that the parties contest is whether Defendant's position was substantially justified.

The Commissioner has the burden of proving that the government's position was substantially justified. *Stewart*, 561 F.3d at 683. The government's position refers to the

Commissioner's pre-litigation conduct, including the ALJ's decision, and the Commissioner's litigation position. *Id.* However, in making such a global assessment of the government's position, a court must make only one determination regarding the government's position throughout the entire proceeding. *Hallmark Constr. Co.*, 200 F.3d at 1081.

A position is substantially justified when it is justified to an extent that could satisfy a reasonable person or, said differently, if "reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 522, 565 (1988). Essentially, a court must consider whether the government's position has a reasonable basis in both law and fact and a "reasonable connection between the facts and the legal theory." *Stewart*, 561 F.3d at 683.

The Court remanded this case to the ALJ because he committed three errors in his decision to deny Plaintiff disability benefits. The Court now considers whether these errors warrant a finding that Defendant's position was not substantially justified.

**(1)** *Failure to Consider Medical Impairments*

The ALJ failed to consider several medical impairments diagnosed by Dr. Langley: bipolar disorder II, chronic pain disorder, and somatization disorder. The ALJ cannot ignore evidence that is unfavorable to his opinion. *Davis v. Barhnart*, 187 F. Supp. 2d 1050, 1056 (N.D. Ill. 2002). Rather, he must articulate his reasons for rejecting the evidence. *Heron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

In ignoring these medical impairments, the ALJ did not merely commit an error in articulation but, rather, an error in analysis, which did not allow the Court to follow the

ALJ's reasoning. Therefore, this error provides a basis for the Court to conclude that the Commissioner's position was not substantially justified. *See Granger v. Astrue*, No. 1:06-CV-213, 2008 WL 344531, at *1–3 (S.D. Ind. Feb. 7, 2008) (holding that an ALJ's failure to consider important evidence warranted a finding that the Commissioner's position was not substantially justified); *Bailey v. Barnhart*, 473 F. Supp. 2d 842, 851–52 (N.D. Ill. Nov. 1, 2006) (holding an ALJ's failure to acknowledge testimony suggesting mental impairments lacked substantial justification).

**(2)** *Failure to Consider Functional Limitations*

As a consequence of his failure to consider the mental impairments discussed above, the ALJ failed to consider the functional limitations caused by the mental impairments and their effect on Plaintiff's RFC. SSR 96-8p states that an ALJ's RFC decision must thoroughly discuss the medical evidence of record and discuss why any alleged functional limitations are not accepted. When an ALJ contravenes longstanding agency regulations in determining a claimant's RFC, attorney's fees should be awarded. *Stewart*, 561 F.3d at 684; *see also Granger*, 2008 WL 344531, at *1–3 (holding that an ALJ's failure to discuss the impact of a claimant's diverticulitis on his functional limitations was not substantially justified).

Therefore, the ALJ's failure to consider the functional limitations caused by the mental impairments and their effect on Plaintiff's RFC also serves as a basis for the Court to conclude that the Commissioner's position was not substantially justified.

**(3)** *SSR 00-4p*

SSR 00-4p places an affirmative duty on the ALJ to resolve conflicts between the evidence the VE has provided and the Dictionary of Occupational Titles after the VE has testified. *Harris v. Astrue*, No. 2:06-CV-222, 2008 WL 410577, at *8 (N.D. Ind. Feb. 11,2008). The ALJ cannot transfer his duty to the VE. *Id.*

At the beginning of the VE's testimony in this case, the ALJ asked the VE whether she would testify in accordance with the DOT and inform the court of any inconsistencies between her testimony and the DOT. Thus, by failing to address the issue after the VE testified, the ALJ failed to follow SSR 00-4p and resolve inconsistencies between the VE's testimony and the DOT.

Normally, when a case is remanded for an ALJ's failure to comply with SSR 00-4p, the ALJ has entirely failed to inquire into the DOT issue. *Id.* (citing *Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006); *Morton v. Barnhart*, No. 1:03-CV-995, 2005 WL 1528242, at *2 (S.D. Ind. June 28, 2005)). Here, the ALJ attempted to address the issue with the VE prior to her testimony. Although the ALJ did not follow the technical requirements of SSR 00-4p, the Commissioner's position in support of the ALJ's questioning was justified to a reasonable degree. *See id.*

In light of the three errors forming the basis for the Court's remand, the Court concludes that two of the errors—the ALJ's failure to consider the medical impairments and, consequently, their functional limitations on Plaintiff's RFC—warrant a finding that the Commissioner's position was not substantially justified. Therefore, Plaintiff is entitled to an award of attorney's fees.

**C. Fees**

Plaintiff requests reimbursement for 46.7 attorney hours at $172.50 per hour and 1.1 paralegal hours at $85 per hour, totaling $8,149.25. In addition, Plaintiff seeks $414 for 2.4 hours spent in drafting a reply brief at $172.50 per hour. Thus, Plaintiff's total request is $8,563.25.

Defendant claims that this amount is unreasonable and should be reduced because the 31.7 hours spent by Plaintiff's attorneys drafting her main brief was excessive.

After reviewing the itemization list supplied by Plaintiff, the Court concludes that Plaintiff's request of $8,563.25 in attorney's fees is reasonable.

**D. Conclusion**

Therefore, the Court GRANTS Plaintiff's motion for attorney's fees (DE 26).

SO ORDERED on July 23, 2009.

        s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
HAMMOND DIVISION